UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR D. TOWNSEND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. RENDON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:21-cv-01120-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(ECF No. 19) |

Plaintiff Arthur D. Townsend is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to revoke Plaintiff's in forma pauperis status, filed January 18, 2022.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding on Plaintiff's retaliation and excessive force claims against Defendant M. Rendon.

On January 18, 2022, Defendants filed the instant motion to revoke Plaintiff's in forma pauperis status based on his release from prison. (ECF No. 19.) Plaintiff did not file an opposition and the time to do has now passed. Local Rule 230(l).

///

///

///

1

## II.

## DISCUSSION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. See 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

However, if the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), at the time of filing, he may be granted leave to proceed in forma pauperis, but unlike non-incarcerated civil litigants, he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

Thus, under the PLRA, a prisoner seeking leave to proceed in forma pauperis must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

///

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14). However, the additional $52 administrative fee does not apply to persons granted leave to proceed in forma pauperis. Id.

2

Plaintiff was incarcerated at California State Prison, Corcoran when he filed this action. As a prisoner, therefore, he is "required to pay the full amount of a filing fee" in order to commence a civil action. 28 U.S.C. § 1915(b)(1).  When a prisoner, like Plaintiff, files a motion to proceed IFP which shows he is financially unable to prepay the *full* amount of the civil filing fee required by 28 U.S.C. § 1914(a), the Court typically assesses an initial partial filing fee based on Plaintiff's average inmate trust account deposits and balances over the six-month period preceding the filing of his complaint, see 28 U.S.C. § 1915(b)(1), and thereafter directs the "agency having custody" to forward both the initial and subsequent monthly payments required "until the filing fees are paid." See 28 U.S.C. § 1915(b)(2).

However, Plaintiff's release from custody renders 28 U.S.C. § 1915(b)'s fee collection provisions unenforceable in this case.  Plaintiff notified the Court of his release and address change in another action pending in this Court.  See Townsend v. Ruiz, Case No. 2:20-cv-01179-KJM-AC (E.D. Cal), ECF No. 29 ("I was released November 2nd, 2021 from C.S.P.").[2]  The Clerk of Court also filed the notice of change of address in this action on November 29, 2021.[3,4]  Because Plaintiff is no longer incarcerated at Corcoran State Prison, and he is no longer in the custody of any state or local correctional institution, no inmate trust account exists from which his filing fees may be garnished and forwarded to the court. See DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2010) (noting that after a prisoner is released, there is "no 'prisoner's account' from which to deduct ... payments.").  Thus, if a prisoner proceeding in forma pauperis is released from prison while their action is pending, they must submit an updated in forma pauperis affidavit under 28 U.S.C. § 1915(a)(1) or pay the filing fee.  See DeBlasio v. Gilmore, 315 F.3d at 399; In re Prison Litig. Reform Act, 105 F.3d 1131, 1138-39 (6th Cir. 1997); McGann v. Comm'r Soc. Sec. Admin., 96 F.3d 28, 30 (2d Cir. 1996) (holding "a released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit

---

[2] On March 8, 2022, Plaintiff filed a second notice of change of address.  (ECF No. 36.)

[3] On March 10, 2022, the Clerk of Court filed the second notice of change of address filed in Case No. 2:20-cv-01179-KJM-AC, in the instant action.

[4] The Court also notes that on January 18, 2022 and February 24, 2022, two separate orders were returned by the United States Postal Office as "undeliverable."

requirement applicable to all non-prisoners"); Flores v. Cal. Corr. Women's Facility, Case No. 1:19-cv-1509-NONE-JLT (PC), 2020 WL 8821643 at *2 (E.D. Cal. June 24, 2020) (released prisoner-plaintiff must notify the Court of intent to pay filing fee or file a non-prisoner application to proceed in forma pauperis); Adler v. Gonzalez, No. !:11-cv-1915-LJO-MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015) (applying McGann and DeBlasio to require released prisoner plaintiff to submit a new in forma pauperis application to continue to proceed in forma pauperis); but see Gay v. Texas Dep't of Corr. State Jail Div., 117 F.3d 240, 242 (5th Cir. 1997) (applicability of PLRA is determined at the time of filing, and subsequent release "is irrelevant" to continuing obligation to pay fee).  Here, following the bulk of authority on the issue, because Plaintiff's financial circumstances have changed since he is no longer incarcerated, he must file a supplemental application to proceed in forma pauperis by a non-prisoner which documents his current post-release income, assets, and expenses. However, Plaintiff is cautioned that even if his supplemental application to proceed in forma pauperis is granted, he will nevertheless remain obligated to pay the full $350 civil filing fee required by 28 U.S.C. § 1914(a) due to his status as a prisoner at the time this action was commenced.  See 28 U.S.C. § 1915(b)(1).[5]  In addition, Plaintiff's status as a prisoner at filing will also subject him to other restrictions placed on prisoners under the PLRA.

### III.
### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to revoke Plaintiff's in forma pauperis status as a prisoner be granted; and
2. Plaintiff be directed to either pay the filing fee in full or submit a complete an application to proceed in forma pauperis by a non-prisoner.

///

---

[5] While not reflected on the docket, the Court has confirmed with the financial department that no money has been received toward the $350.00 filing fee, and the full amount remains outstanding.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 31, 2022__                    
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE